ORDER
Claimant appeared in person.
Ronald R. Brown, Assistant Attorney General, for the State of West Virginia.
GRITT, JUDGE:
An application of the claimant, Christine K. Knavel, for an award under the West Virginia Crime Victims Compensation Act, was filed July 10, 2003. The report of the Claim Investigator, filed December 12, 2003, recommended that no award be granted. An Order was issued on January 22, 2004, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed October 21, 2005. This matter came on for hearing May 15, 2007, the claimant appearing in person, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On October 30, 2001, the 30-year-old claimant was the victim of criminally injurious conduct in Clarksburg, Harrison County. The claimant and the alleged offender, Michael Weyant, had an argument and Mr. Weyant assaulted her. The alleged offender would not let the claimant leave, and later that night sexually assaulted her.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that, since no charges were filed against the offender, the claimant failed to cooperate with law enforcement officials. W.Va. Code §14-2A-14(d) provides: “A judge ... upon a finding that the claimant or victim has not fully cooperated with appropriate law-enforcement agencies ... may deny a claim, reduce an award of compensation, or reconsider a claim already approved.” Previous rulings of the Court have held that because a claimant did not assist in the prosecution of the offender, such inaction constitutes a failure to cooperate with law-enforcement officials, and no award should be made.
The claimant testified at the hearing of this matter that on the evening in question, Mr. Weyant, her husband at the time, asked her to come over to his house in Clarksburg to get the rest of her belongings. She stated that when she went over to his house, he started beating her up. Mr. Weyant would not let her leave, and told her that she was going to have sex with him. Ms. Knavel testified that she finally convinced him to let her go, at which point she went to a friend who took her to the hospital. She further stated that at that time the police were contacted. Ms. Knavel testified that the charges against Mr. Weyant were dropped because he was taken to Pennsylvania where he was awaiting trial for beating her in front of her children and beating up one of her sons. The claimant testified that Mr. Weyant was incarcerated in Pennsylvania as a result of that prosecution, and has been incarcerated three times since then and is currently in prison in Pennsylvania. She further stated that if Mr. Weyant were extradited back to West Virginia, she would pursue the charges against him relating to the incident giving rise to this claim.
The Claim Investigator’s original finding was that the claimant failed to cooperate with law-enforcement officials. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that she did in fact cooperate with law-enforcement officials in the prosecution of the offender. The claimant testified that she would have cooperated with law-enforcement officials had charges been brought against him in West Virginia, but that he was charged with crimes in Pennsylvania and was prosecuted there. In light of the evidence put forth by the claimant, the Court is of the opinion that she has met her burden of proof. The evidence adduced at the hearing of the matter establishes that the claimant did cooperate with law-enforcement officials to the extent possible as there was no prosecution in West Virginia.
*222 The Court is constrained by the evidence to reverse its previous ruling.
Based on the foregoing, the Claim Investigator is hereby directed to prepare an economic loss analysis to ascertain the claimant’s unreimbursed allowable expenses relating to the incident for further review by this Court.